UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**C & H Sugar Co., Inc.,**

   **Plaintiff,**     CIVIL ACTION NO. 05-CV-74265-DT

 **vs.**         DISTRICT JUDGE GEORGE CARAM STEEH

**Solstice Industries, Inc.,**   MAGISTRATE JUDGE MONA K. MAJZOUB

   **Defendant.**
_____/

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST GARNISHEE DEFENDANT

Before the Court is Plaintiff's Motion for Summary Judgment Against Garnishee Defendant JP MorganChase ("Chase"), filed on March 1, 2006. The motion was referred to the undersigned for hearing and recommendation by the Honorable George Caram Steeh on April 11, 2006. The parties have fully briefed the motion, and both parties presented oral arguments on May 22, 2006.

Plaintiff is a judgment creditor of Solstice Industries. On November 30, 2005 Plaintiff properly filed a non-periodic writ of garnishment in a bank account held by Defendant Solstice Industries, Inc. ("Solstice") in Chase. Chase has a perfected security interest in the money held in Solstice's Chase account.

As of November 30, 2005 Solstice held $67,623 in two bank accounts controlled by the Garnishee Defendant. Chase alleges that Solstice owed it $249,912.59 as of that date, and that Chase had a perfected secured claim in the money in the accounts. Chase claims to have setoff $66,862 dollars on November 30, 2005. (Pl.'s Mot. at Ex. 3). Chase claims that, on December 2, 2005, it informed Solstice of the setoff, declared Solstice's loans in default for non-payment, and accelerated the debt owing under the loans.

On December 6, 2005 Chase debited each of the accounts in the amount of $33,431 to reflect the setoff. (*Id.* at Ex. 6). On the same day, Chase advanced Solstice $33,431 to allow it to cover its payroll. (*Id.* at Ex.3 p. 5).

Between November 30 2005 and December 6, 2005 Chase allowed Solstice to make ATM and debit withdrawals. Chase also honored checks written by Solstice in the amount of $8,151.07 and allowed Solstice to deposit checks of $7,477.51 (*Id.* at Ex. 6). In December 2005 Chase allowed Solstice to withdraw $42,931.91, even though Solstice only deposited $27,977.51 in that period. At the end of December, Solstice had been allowed to overdraw $14,288 on its account. *Id.*

The Garnishee Defendant argues that it has a defense to the garnishment in the form of a set-off. Plaintiff does not dispute that the Garnishee Defendant had a right to setoff its secured claim against the money in the account, but argues that Defendant has waived that right.

Michigan Court Rule 3.101(g) provides that the Garnishee Defendant is liable for the funds owed by Solstice but within the Garnishee Defendant's control unless the Garnishee Defendant has effected a setoff permitted by law. The Garnishee Defendant claims to have made a setoff, but, subsequent to the garnishment, it has allowed Solstice to incur new debt, honored Solstice's checks, and allowed Solstice to make cash withdrawals.

"A garnishee's treatment of a debtor's assets inconsistent with its immediate right [to file a] set-off is a waiver of that right in the face of the garnishor's claim." *First Bank of Whiting v. Somcki Brothers Trucking Co.*, 509 N.E.2d 187 (Ind. App. 1987). Such conduct is "an admission by the bank of an indebtedness to its depositor inconsistent with its assertion of setoff." *Id.*

Post-garnishment conduct can result in a waiver of setoff rights. *Michigan Carpenters Council Pension Fund v. Smith and Andrews Construction Co.,* 681 F.Supp. 1252 (E.D. Mich.

1988). Most commonly, a right to setoff is waived when a bank, after service of garnishment, allows a depositor to withdraw funds from an account or honors checks drawn on it. *Id.*

Not only did Chase allow Solstice to withdraw from its accounts after purportedly effecting the setoff, it extended over thirty thousand dollars in new credit to Solstice on the day it supposedly effected the setoff and accelerated Solstice's loans. Furthermore, Chase extended even more credit to Solstice throughout December 2005. This conduct is inconsistent with an intent to collect a debt from Solstice.

Chase attempts to distinguish *Michigan Carpenters* and the other cases cited in Plaintiff's brief as examples of waiver of set-off. However, even Chase restates the general rule that a right to setoff is waived when, after a garnishment is served, a garnishee Defendant allows a depositor to withdraw funds from the account.

Plaintiff's Motion for Summary Judgment should therefore be **GRANTED**.

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 12, 2006                                s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 12, 2006                                s/ Lisa C. Bartlett
                                                    Courtroom Deputy