UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C & H SUGAR COMPANY, INC.,

        Plaintiff,

vs.

                                   Case No. 05-CV-74265

                                   HON. GEORGE CARAM STEEH

SOLSTICE INDUSTRIES, INC., et al,

        Defendants.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

      This matter comes before the court on a motion for summary judgment made by Plaintiff C & H Sugar Company, Inc., against Garnishee Defendant JPMorgan Chase Bank, N.A.[1] The parties' motions, briefs, and oral arguments have been reviewed by Magistrate Judge Mona K. Majzoub, to whom this matter was referred for hearing and recommendation on April 11, 2006. On June 12, 2006, Magistrate Judge Majzoub filed a "Report and Recommendation to Grant Plaintiff's Motion for Summary Judgment Against [Defendant JPMorgan]" that the court now reviews, along with Defendant JPMorgan's objections to the Report and Recommendation and Plaintiff's reply to

---

[1] Defendant JPMorgan is the successor by merger to Bank One, N.A. In its filings with the court, Plaintiff refers to Defendant JPMorgan as Bank One, N.A., at the time of the events described herein, although Defendant JPMorgan refers to itself exclusively as JPMorgan Chase Bank, N.A. For the sake of convenience, and because it is not at issue, the court will assume that Defendant JPMorgan and Bank One, N.A., are interchangeable and will refer to Defendant JPMorgan exclusively throughout this order.

1

Defendant JPMorgan's objections. The court agrees with Magistrate Judge Majzoub's conclusion that Defendant JPMorgan waived its right to setoff by its own conduct after responding to Plaintiff's Writ of Garnishment, overrules Defendant JPMorgan's objections, and grants Plaintiff's motion for summary judgment.

## I. FACTUAL BACKGROUND

The relevant facts are undisputed. Plaintiff is a judgment creditor of Defendant Solstice Industries, Inc., for a sum in excess of $330,000.00. (Br. Supp. Pl.'s Mot. Summ. J. 5.) On November 30, 2005, Defendant Solstice held a commercial checking account with Defendant JPMorgan in which Defendant Solstice had deposited funds amounting to $67.623.00.[2] (Id.) On that same date, Plaintiff filed a Writ of Garnishment against Defendant JPMorgan with the hope of recovering those funds to apply against the judgment debt it was owed by Defendant Solstice. (Id.) However, Defendant JPMorgan responded that there were no funds available to be garnished. (Garnishee Def.'s Resp. Pl.'s Mot. Summ. J. 1-2.) According to Defendant JPMorgan it had a security interest in all of Defendant Solstice's funds on deposit. (Id.) Furthermore, on December 2, 2005,[3] Defendant JPMorgan proceeded to setoff almost the entire amount of Defendant Solstice's commercial checking account against the debt that Defendant

---

[2] Defendant JPMorgan's third objection to Magistrate Judge Majzoub's Report and Recommendation is that her report states that Defendant Solstice held two commercial checking accounts at Defendant JPMorgan. In fact, Defendant Solstice held only one commercial checking account with Defendant JPMorgan. This error in Magistrate Judge Majzoub's Report and Recommendation is not material.

[3] The precise date that this setoff occurred seems to have been the subject of some confusion, and indeed constitutes Defendant JPMorgan's fourth objection to Magistrate Judge Majzoub's Report and Recommendation. At various points in the filings that have accompanied this Motion for Summary Judgment the date that this setoff is supposed to have occurred has been alleged to be both November 30, 2005 (Garnishee Def.'s Resp. Pl.'s Mot. Summ. J. 1-2), and December 2, 2005 (Br. Supp. Pl.'s Mot. Summ. J. 5). In addition, it has been alleged that Defendant JPMorgan actually made the decision to exercise its right to setoff on December 1, 2005. (Id.) In any event, the setoff in fact occurred on December 2, 2005, but this error in Magistrate Judge Majzoub's Report and Recommendation is not material.

Solstice owed to it.[4] (Id.) It was subsequently revealed through discovery responses and interrogatories that on November 30, 2005, Defendant Solstice owed Defendant JPMorgan $249,912.59. (Br. Supp. Pl.'s Mot. Summ. J. 5.) Plaintiff alleges to have learned through discovery responses and interrogatories that on December 2, 2005, Defendant JPMorgan first informed Defendant Solstice of the setoff via a telephone call, then declared Defendant Solstice's loans in default due to nonpayment, and finally accelerated the debt owing thereunder. (Id. 6.) Although Defendant Solstice had $67,623.00 available in its commercial checking account when Defendant JPMorgan decided to exercise its right to setoff, Defendant JPMorgan appears to have setoff only $66,862.00, leaving $761.00 available in Defendant Solstice's commercial checking account. (Id. 5-6.) At the time the setoff occurred, Defendant Solstice appears to have held two commercial loan accounts with Defendant JPMorgan, and Defendant JPMorgan appears to have processed the setoff by applying the amount of $33,431.00 to each of these accounts. (Id. 6.)

Through further discovery requests and interrogatories, Plaintiff learned that between November 30, 2005, the date on which its Writ of Garnishment was served on Defendant JPMorgan, and December 6, 2005, Defendant JPMorgan allowed Defendant Solstice to make ATM and debit card withdrawals from its commercial checking account in the amount of $732.75. (Id. 6 n.6.) During that same time period, Defendant JPMorgan honored checks Defendant Solstice had written on its commercial checking

---

[4] Defendant JPMorgan's fifth objection to Magistrate Judge Majzoub's Report and Recommendation is that her report states that Defendant JPMorgan setoff $33,431.00 from each of Defendant Solstice's commercial checking accounts. In reality, Defendant JPMorgan setoff $66,862.00 from Defendant Solstice's single commercial checking account and applied $33,431.00 of the setoff to each of Defendant Solstice's two commercial loan accounts. This error in Magistrate Judge Majzoub's Report and Recommendation is not material.

account in the amount of $7,418.32. (Id.) Although Defendant JPMorgan allowed a total amount of $8,151.07 to be withdrawn from the commercial checking account during this period, deposits made by Defendant Solstice into this account totaled only $7,477.51. (Id. 6.) In addition, on December 6, 2005, Defendant JPMorgan advanced Defendant Solstice $33,431.00, or a sum equal to half of the amount it had setoff from Defendant Solstice's commercial checking account only four days before. (Id.) Throughout the month of December 2005, Defendant JPMorgan continued to allow Defendant Solstice to make ATM and debit card withdrawals, and continued to honor checks written by Defendant Solstice on its commercial checking account. (Id. 6-7.) The total amount of funds withdrawn in December 2005 from Defendant Solstice's commercial checking account through ATM and debit card withdrawals and through honored checks was $42,932.91, although Defendant Solstice deposited only $27,977.51 in its account during that month. (Id.) At the end of December 2005, Defendant Solstice's commercial checking account showed a negative balance of $14,288.00. (Id. 7.)

Defendant JPMorgan acknowledges that it "continued doing business with" Defendant Solstice after the Writ of Garnishment had been served by allowing Defendant Solstice "to borrow additional funds…" and by "honoring checks drawn on the [commercial checking account] against subsequently deposited funds and allowing deposits to the [commercial checking account] pursuant to the agreement in effect on the date the [Writ of] Garnishment was received…." (Garnishee Def.'s Resp. Pl.'s Mot. Summ. J. 2, 5.) Defendant JPMorgan insists, however, that it did not allow Defendant Solstice to withdraw, or have access to, any of the $66,862.00 it had setoff against Defendant Solstice's two commercial loan accounts on December 2, 2005. (Id. 2.)

4

II. LEGAL BACKGROUND

The court exercises its jurisdiction over these parties pursuant to its diversity jurisdiction at 28 U.S.C. § 1332, and therefore must interpret Michigan law to resolve the instant dispute. In construing questions of state law, a federal court must apply state law in accordance with the controlling decisions of the highest court of the state. Erie R.R. Co. V. Tompkins, 304 U.S. 64 (1938). If the state's highest court has not addressed the issue, a federal court must attempt to ascertain how that court would rule if it were faced with the issue. The Court may use the decisional law of the state's lower courts, other federal courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the "majority" rule in making this determination. Grantham & Mann v. Amer. Safety Prods., 831 F.2d 596, 608 (6th Cir. 1987). See also Meridian Mutual Ins. Co. v. Kellman, 197 F.3d 1178, 1181 (6th Cir. 1999).

Sections 600.4011-.4065 of the Michigan Compiled Laws provide the court with the power of garnishment, and Michigan Court Rule 3.101 establishes the method by which, through garnishment, a judgment creditor may collect a debt owed to it by a judgment debtor and held by a third party. The liability of that third party is subject to "any setoff permitted by law or" the Michigan Court Rules. MICH. CT. R. 3.101(G)(1). Section 440.9340 of the Michigan Complied Laws establishes such a right, providing that "a bank with which a deposit account is maintained may exercise any right of recoupment or setoff against a secured party that holds a security interest in the deposit account." MICH. COMP. LAWS § 440.9340(1) (2001).

5

### III. QUESTION PRESENTED

The question before the court is whether Defendant JPMorgan's conduct following its setoff of $66,862.00 from Defendant Solstice's commercial checking account on December 2, 2005, waived Defendant JPMorgan's right to setoff. Plaintiff acknowledges Defendant JPMorgan's right to setoff under section 440.9340 but claims first that Defendant JPMorgan improperly relied upon its perfected security interest in the funds as a defense to the Writ of Garnishment, and did not even raise an adequate setoff defense. In the alternative, Plaintiff argues that if Defendant JPMorgan is found to have properly raised a setoff defense, its subsequent conduct—particularly that Defendant JPMorgan allowed Defendant Solstice to withdraw funds via ATM and debit card transactions, that Defendant JPMorgan honored checks written on Defendant Solstice's commercial checking account, and that Defendant JPMorgan allowed Defendant Solstice to borrow an additional $33,431.00 to cover its payroll obligations on December 6, 2005—caused Defendant JPMorgan's right to setoff to be waived. Magistrate Judge Majzoub did not address Plaintiff's first argument in her Report and Recommendation,[5] but agreed with Plaintiff's alternative argument, finding that "the

---

[5] The court's finding as to Plaintiff's alternative argument renders a resolution of this first argument unnecessary. However, the court notes in passing that Judge Feikens' reasoning in Michigan Carpenters' Council Pension Fund v. Smith & Andrews Construction Co., 681 F. Supp. 1252 (E.D. Mich. 1988) also supports Plaintiff's argument that Defendant JPMorgan failed to properly raise a setoff defense. In Michigan Carpenters' Council Pension Fund, Judge Feikens reasoned that a properly effected setoff will be demonstrated by each of the following elements: "'(1) the decision to exercise the right, (2) some action which accomplishes the setoff and (3) some record which evidences that the right of setoff has been exercised.'" 681 F. Supp. at 1254-55 (citing, and adopting, the language articulated by the United States Court of Appeals for the Sixth Circuit applying Ohio state law in Baker v. National City Bank of Cleveland, 511 F.2d 1016, 1018 (6th Cir. 1975)). Judge Fiekens explains that "action which accomplishes the set off" must be consistent with accomplishing a setoff, and that permitting the depositor to withdraw and deposit funds in the account after garnishment, instead of pursuing the possibility of further setoff against the total amount owing to the bank, as here, is "inconsistent with an intent to set off and [is] not evidence of any overt act to actually accomplish a setoff." Mich. Carpenters' Council Pension Fund, 681 F. Supp. at 1255.

general rule [is] that a right to setoff is waived when, after a [Writ of Garnishment] is served, a garnishee Defendant allows a depositor to withdraw funds from the account." (Report & Recommendation Grant Pl.'s Mot. Summ. J. Against Garnishee Def. 3.) In particular, Magistrate Judge Majzoub found Defendant JPMorgan's conduct following the service of Plaintiff's Writ of Garnishment on November 30, 2005, to be "inconsistent with an intent to collect a debt from [Defendant] Solstice." (Id.)

IV. ANALYSIS

*A. Defendant JPMorgan Waived Its Right To Setoff By Its Post-Setoff Conduct*

Plaintiff relies on Michigan Carpenters' Council Pension Fund v. Smith & Andrews Construction Co., 681 F. Supp. 1252 (E.D. Mich. 1988) (Feikens, J.), for its proposition that the actions a garnishee defendant takes following an effective setoff may in fact waive its right to take that setoff if they are inconsistent with recovering a debt. In Michigan Carpenters' Council Pension Fund, several judgment creditors, having obtained a judgment against a particular judgement debtor but having been unable to obtain the funds necessary to satisfy that judgment, served a Writ of Garnishment on the garnishee defendant bank in which the judgment debtor kept an active checking account. 681 F. Supp. at 1253. The garnishee defendant denied the Writ of Garnishment and claimed a setoff of the judgment debtor's checking account against a promissory note owed by the judgment debtor to the garnishee defendant that had recently become due. Id. at 1254. Although the promissory note was in the amount of $120,000.00, the garnishee defendant only setoff $3,491.00 from the judgment debtor's checking account, leaving over $800.00 remaining. Id. The garnishee defendant allowed the judgment debtor to access and withdraw these funds as well as to access and

7

withdraw $90,000.00 that was subsequently deposited. Id. Judge Feikens found "no actions accomplishing the setoff and no record evidencing the setoff…," in large part because the garnishee defendant's actions were "inconsistent with an intent to set off and are not evidence of any overt act to actually accomplish a setoff." Id. at 1255. However, Judge Feikens further held that "[e]ven if the [garnishee defendant] had made a setoff… its actions after the alleged setoff constitute a waiver of that right." Id. Judge Feikens reasoned that although "the courts of Michigan have not ruled on what activity by a garnishee defendant constitutes a waiver of the right of setoff, the jurisdictions which have considered it have uniformly held that a garnishee's treatment of a debtor's assets which is inconsistent with the claimed setoff is a waiver of that right in the face of the garnisher's claim." Id. Judge Feikens paid particular attention to First Bank of Whiting v. Samocki Bros. Trucking Co., 509 N.E.2d 187 (Ind. Ct. App. 1987), an Indiana case in which it was held that "[t]here may be several ways for a [garnishee defendant] to waive its right of set-off, but the most obvious is when a bank, after service of garnishment, allows its depositor to withdraw funds from the account or honors checks drawn on the account. The conclusion courts generally draw from such conduct is an admission by the bank of an indebtedness to its depositor inconsistent with its assertion of set-off, that its depositor is indebted to *it.*" Id. at 199 (citations omitted). Judge Feikens emphasized that circumstances under which a garnishee defendant allows a judgement debtor to withdraw funds from its account or honors checks written on the account constituted "[t]he usual situation in which courts have held that a garnishee bank's subsequent activity constitutes a waiver of the right of setoff…." Mich.

Carpenters' Council Pension Fund, 681 F. Supp. at 1255 (citing First Bank of Whiting, 509 N.E.2d at 199).

Defendant JPMorgan attempts to distinguish the facts of the instant case from the holding of Michigan Carpenters' Council Pension Fund by arguing that the holding of that case "is limited to a bank's failure to properly freeze or setoff the funds in the account being garnished after service of garnishment." (Garnishee Def.'s Resp. Pl.'s Mot. Summ. J. 8.) In particular, Defendant JPMorgan asserts that, "[o]nce setoff or the freezing of the account has been effectuated as to the funds in the account on the date the garnishment is received by the bank, the bank's behavior is no longer subject to the garnishment statute, as nonperiodic garnishments by their terms do not apply to funds that are subsequently deposited into the garnished account." (Id.) Defendant JPMorgan further notes that the facts of the Michigan Carpenters' Council Pension Fund case, and the facts of many of the cases cited approvingly by Judge Feikens in support of his holding, involve circumstances of fraud or contempt by the garnishee defendant. For instance, in Michigan Carpenters' Council Pension Fund the garnishee defendant bank refused to satisfactorily answer interrogatories regarding the setoff it alleged it had effected, and failed to respond to the court's order to compel it to do so, 681 F. Supp. at 1254, and in First Bank of Whiting the court cited the garnishee defendant bank's unacceptable behavior throughout the case, in particular that it "wholly and utterly failed to obey the court's order..." of garnishment, as grounds for its holding against the garnishee defendant, 509 N.E.2d at 196. JPMorgan distinguishes the facts of the instant case on the grounds that no fraud or contempt has been alleged to have occurred here.

Defendant JPMorgan's argument fails on three grounds. First, as Plaintiff rightly

9

notes, Judge Feikens' explicit holding in <u>Michigan Carpenters' Council Pension Fund</u> was that "[e]ven if the Bank had made a setoff... its actions after the alleged setoff constitute a waiver of that right." 681 F. Supp. at 1255. A garnishee defendant's actions taken after the Writ of Garnishment has been served—and either satisfied or denied by an applicable defense—are relevant to a determination of waiver. Judge Feikens further noted that the conduct that might effect such a waiver encompasses more than only fraud or contempt, and includes such actions as allowing the judgment debtor to withdraw or access funds, or by honoring checks written on the judgment debtor's account. <u>Id</u>. Defendant JPMorgan's argument that it did not waive its right to setoff because it has not been alleged to have committed either fraud or contempt is misplaced. Finally, even if Defendant JPMorgan were to prevail in limiting the holding of <u>Michigan Carpenters' Council Pension Fund</u> to those situations where a garnishee defendant has failed to properly setoff or freeze the judgment debtor's funds, Defendant JPMorgan would not benefit from such a limitation. Defendant JPMorgan did not in fact properly execute its setoff defense to the Writ of Garnishment, because it setoff only $66.862.00 from Defendant Solstice's commercial checking account against its two commercial loan accounts, leaving a balance in the commercial checking account of $761.00 that it did not release to Plaintiff and that it did allow Defendant Solstice subsequently to access.

The court is of the opinion that <u>Michigan Carpenters' Council Pension Fund</u> stands for the proposition that even conduct occurring after a Writ of Garnishment has been served—and either satisfied or denied by an applicable defense—may waive the garnishee defendant's right to setoff if that conduct is inconsistent with an attempt to

10

collect a debt from the judgment debtor. Defendant JPMorgan's conduct—in particular that it allowed Defendant Solstice to make ATM and debit withdrawals from its commercial checking account following the setoff, that it honored checks drawn on Defendant Solstice's commercial checking account following the setoff, that it advanced Defendant Solstice a sum equal to half of the amount of the setoff a mere four days following its execution of the setoff, that during the month of December 2005 it allowed Defendant Solstice to withdraw $42,932.91 via ATM and debit card transactions and via honored checks although Defendant Solstice deposited only $27,977.51 with Defendant JPMorgan during that same time period, and that on December 31, 2005, Defendant Solstice's commercial checking account showed a negative balance of $14,288.00—is inconsistent with an attempt to collect the debt owed to it by Defendant Solstice under the standards articulated in Michigan Carpenters' Council Pension Fund and First Bank of Whiting.  See First Bank of Whiting, 509 N.E.2d at 199-200 (reasoning that "[t]he jurisdictions that have addressed fact situations similar to the one here have almost uniformly held that a garnishee's treatment of a debtor's assets inconsistent with its immediate right of set-off is a waiver of that right in the face of the garnishor's claim," citing 110 A.L.R. 1268 (1937); Annot., 106 A.L.R. 62 (1937); Walters v. Bank of America National Trust & Savings Ass'n , 69 P.2d 839 (1937); First National Bank & Trust Co. of Tulsa v. Lundquist, 45 P.2d 524 (1935); Prudential Loan & Trust Co. v. Metzler, 133 P. 1191 (1913); Wild v. Horst, 250 So.2d 179 (1971); United Seeds, Inc. v. Eagle Green Corp., 389 N.W.2d 571 (1986)).  In that Defendant JPMorgan acted in a manner inconsistent with recovering a debt from Defendant Solstice following its setoff of Defendant Solstice's commercial checking account against Defendant Solstice's two

11

commercial loan accounts, the court holds that Defendant JPMorgan waived its right to setoff under section 440.9340 of the Michigan Compiled Laws and as such has no valid setoff defense to Plaintiff's Writ of Garnishment.

*B. Defendant JPMorgan's Perfected Security Interest Is Not A Defense to Garnishment*

Defendant JPMorgan's alternative argument is that, even though it claims to have properly setoff the funds from Defendant Solstice's commercial checking account against its two commercial loan accounts, it was not required to exercise its right to setoff because "Michigan law is clear that a perfected security interest takes priority over a lien claimant attempting to garnish funds or other property in which the secured creditor has a valid and perfected security interest."[6] (Garnishee Def.'s Resp. Pl.'s Mot. Summ. J. 3.) Indeed, in Michigan, as in most jurisdictions, "one who becomes a lien creditor after another's security interest is perfected is subordinate to that perfected security interest." Earl Dubey & Sons, Inc. v. Macomb Contracting Corp., 296 N.W.2d 582, 588 (Mich. Ct. App. 1980) (citing MICH. COMP. LAWS § 440.9301(4), or Article 9, Section 301, of the Uniform Commercial Code, which has since been revised; the relevant support is now to be found at Article 9, Section 317, which is codified at MICH. COMP. LAWS § 440.9317). It is significant that Plaintiff does not dispute either the existence of Defendant JPMorgan's perfected security interest in Defendant Solstice's commercial checking account predating service of its Writ of Garnishment[7] or, generally,

---

[6] Defendant JPMorgan's sixth objection to Magistrate Judge Majzoub's Report and Recommendation is that her report does not consider this alternative argument. The court now considers this alternative argument in full.

[7] Defendant JPMorgan's first objection to Magistrate Judge Majzoub's Report and Recommendation is that her report does not state the undisputed fact that Defendant JPMorgan's perfected security interest in Defendant Solstice's commercial checking account predates Plaintiff's lien as a judgment creditor. Regardless of whether Magistrate Judge Majzoub's Report and Recommendation explicitly stated as such, it is true that the parties do not dispute this fact, but that admission is not relevant to the resolution of the case.

12

the priority a perfected security interest takes over a lien creditor.[8] Rather, Plaintiff's argument is that Defendant JPMorgan's perfected security interest provided Defendant JPMorgan with a right to setoff funds from Defendant Solstice's commercial checking account upon the receipt of Plaintiff's Writ of Garnishment, but because Defendant JPMorgan's actions following the setoff were inconsistent with a good faith effort to collect an outstanding debt, Defendant JPMorgan waived that right to setoff derived from its perfected security interest. As Plaintiff notes, Defendant JPMorgan has not cited to any portion of sections 600.4011-.4065 of the Michigan Compiled Laws, the statute that provides the court with the power of garnishment, in support of its proposition that a perfected security interest alone is a valid defense against a Writ of Garnishment. Nor has Defendant JPMorgan cited to any relevant case law in support of this proposition. The court reads the plain language of Michigan Court Rule 3.101(G)(1) to indicate that, once a judgment creditor has served a Writ of Garnishment upon a garnishee defendant, in the absence of a defense under "the provisions of the garnishment statute [or] any setoff permitted by law or" the Michigan Court Rules, the garnishee defendant is liable to the judgment creditor. Defendant JPMorgan has not articulated how its perfected security interest provides a proper defense under sections 600.4011-.4065 of the Michigan Compiled Laws, under Michigan Court Rule 3.101, or under any relevant statute, court rule, or case law. Absent any other valid defense, Defendant JPMorgan is liable to Plaintiff on Plaintiff's Writ of Garnishment.

---

[8] Defendant JPMorgan's second objection to Magistrate Judge Majzoub's Report and Recommendation is that her report does not acknowledge that, as a matter of law, Plaintiff's lien as a judgment creditor is subordinate to Defendant JPMorgan's perfected security interest. Again, regardless of whether Magistrate Judge Majzoub's Report and Recommendation explicitly stated as such, it is true that the parties do not dispute this fact, but that admission is not relevant to the resolution of the case.

13

*C. Defendant JPMorgan's Additional Arguments Are Not Relevant*

Defendant JPMorgan offers two additional arguments, neither of which the court finds persuasive or relevant. First, Defendant JPMorgan suggests that it was not indebted to Defendant Solstice on Defendant Solstice's commercial checking account as a consequence of its perfected security interest in that account. As a result thereof, Defendant JPMorgan continues, under Michigan Court Rule 3.101(H) it was only required to indicate that it was not indebted to Defendant Solstice on its Amended Garnishee Disclosure, which Defendant JPMorgan claims it properly did by noting its perfected security interest. (Garnishee Def.'s Resp. Pl.'s Mot. Summ. J. 5.) However, a common law right to setoff is only available when, among other criteria, mutuality of obligation exists between the party effecting the setoff and the party against whom the setoff is effected. See, e.g., Check Reporting Servs., Inc. v. Mich. Nat'l Bank, 478 N.W.2d 893, 900 (Mich. Ct. App. 1991). Defendant JPMorgan's assertion that it was not indebted to Defendant Solstice is inconsistent with its later attempts to setoff funds from Defendant Solstice's commercial checking account.

Second, Defendant JPMorgan argues that under section 440.9205(1)(b) of the Michigan Compiled Laws, "a security interest is not invalid or fraudulent against creditors solely because… the secured party fails to require the debtor to… replace collateral."[9] Yet Plaintiff does not claim Defendant JPMorgan's security interest in Defendant Solstice's commercial checking account was either invalid or fraudulent, nor does Plaintiff demand that Defendant JPMorgan should have required Defendant

---

[9] Defendant JPMorgan's eighth objection to Magistrate Judge Majzoub's Report and Recommendation is that Magistrate Judge Majzoub did not consider its argument based on section 440.9205 of the Michigan Compiled Laws in her analysis of the case. The court now considers this argument in full.

14

Solstice to replace collateral. Plaintiff's argument is that Defendant JPMorgan waived the setoff rights available to it as a result of its valid, perfected security interest, not that the interest itself was somehow waived. Defendant JPMorgan's counterargument that its perfected security interest was not invalid or fraudulent is not relevant to the disposition of the case.

*D. Defendant JPMorgan's Additional Arguments Were Not Properly Raised*

Finally, Defendant JPMorgan's seventh and ninth objections to Magistrate Judge Majzoub's Report and Recommendation present arguments that were not raised before Magistrate Judge Majzoub. The seventh objection argues that Magistrate Judge Majzoub did not examine the facts of the case in light of Michigan Court Rules 3.101(L) and 3.101(M), which provide for the addition of those parties who assert a claim in property that is subject to garnishment, and provide the mechanism for determining a garnishee defendant's liability in the case of a disputed claim to property that is subject to garnishment. The ninth objection asserts that the terms of Defendant JPMorgan's Commercial Security Agreement of June 25, 2002, with Defendant Solstice limit the waiver of any rights under that agreement to those made in writing and signed by Defendant JPMorgan. Yet, "an unsuccessful party is not entitled as of right to de novo review by the [district] judge of an argument never seasonably raised before the magistrate..." judge. Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988); see also Brown v. Potter, No. 1:04-CV-350, 2006 U.S. Dist. LEXIS 21502 (W.D. Mich. Mar. 28, 2006). The court will not consider Defendant JPMorgan's seventh and ninth objections in deciding this matter.

CONCLUSION

15

Defendant JPMorgan had a perfected security interest in Defendant Solstice's commercial checking account that predated the Writ of Garnishment that Plaintiff served on Defendant JPMorgan on November 30, 2005. Under Michigan law, Defendant JPMorgan had a right to setoff the amount it was owed by Defendant Solstice from the funds that were the subject of Plaintiff's Writ of Garnishment. When Defendant JPMorgan's subsequent actions belied a good faith effort to collect an outstanding debt from Defendant Solstice, Defendant JPMorgan waived its right to setoff. Upon waiving its right to setoff, Defendant JPMorgan lost its only valid defense to Plaintiff's Writ of Garnishment, thus becoming liable to plaintiff for the amount it owed to Defendant Solstice on the date the Writ of Garnishment was served.

For the reasons stated in Magistrate Judge Majzoub's Report and Recommendation, and as further explained herein, Defendant JPMorgan's objections are hereby OVERRULED, and Plaintiff's motion for summary judgment is hereby GRANTED.

IT IS SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  August 14, 2006


CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 14, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

16