UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C & H SUGAR COMPANY, INC.,

        Plaintiff,

vs.

Case No. 05-CV-74265
HON. GEORGE CARAM STEEH

SOLSTICE INDUSTRIES, INC.,

        Defendant,

and

JPMORGAN CHASE BANK, N.A.,

        Garnishee Defendant.

_____/

## ORDER GRANTING JOINT MOTION (#68) TO VACATE THE COURT'S AUGUST 14, 2006 ORDER (#50) AND JUDGMENT (#51)

Garnishee defendant JPMorgan Chase Bank, N.A. and plaintiff C&H Sugar Company, Inc., move jointly under Rule 60(b) to vacate this court's August 14, 2006 Judgment and corresponding order, C& H Sugar Comp., Inc. v. Solstice Industries, Inc., No. 05-CV-74265, 2006 WL 2367388 (E.D. Mich. Aug. 14, 2006) (unpublished), finding JPMorgan waived its right under Michigan law to a setoff pursuant to its post-garnishment conduct, and granting summary judgment in favor of C&H Sugar on its claim of a priority interest in a Solstice Industries, Inc. bank account. Solstice Industries has not filed a timely opposition to the joint motion.

Federal Rule of Civil Procedure 60(b)(5) authorizes the court to relieve a party from a final judgement or order if it is no longer equitable that the judgment should have prospective application. While this matter was on appeal to the Sixth Circuit, all of the parties reached a settlement. At the request of the parties, this court entered a stipulated order on July 16, 2007 stating the court was willing to consider a motion to vacate if the matter was remanded to district court. The Sixth Circuit remanded on August 6, 2007, and

the parties filed the instant motion on August 30, 2007.

A district court is empowered to vacate an order or judgment that is under appellate review where exceptional circumstances justify such equitable relief.  See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 29 (1994); Motta v. Dist. Dir. INS, 61 F.3d 117, 118-19 (1st Cir. 1995).  Settlement of the case alone while pending appellate review is not enough to justify equitable relief due to the independent social value of preserving judicial precedent.  U.S. Bancorp, 513 U.S. at 29.  Here, the subject order is unpublished, and lacks precedential value.  The dispositive issue was solely a matter of state law, and would not be binding on Michigan courts even if published.  Still further, the reasoning of the court drew its primary genesis from the published opinion of Eastern District of Michigan District Judge John Feikens, Michigan Carpenters' Council Pension Fund v. Smith & Andrews Construction Co., 681 F. Supp. 1252 (E.D. Mich. 1988).  The social value of preserving judicial precedent will not be impacted if the joint motion is granted.  Other equitable factors, including the resolution of involved bankruptcy issues, weigh in favor of granting relief.  Accordingly,

JPMorgan's and C&H Sugar's joint motion to vacate is hereby GRANTED.  It is hereby ORDERED that the court's August 14, 2004 Opinion and Order, C& H Sugar Comp., Inc. v. Solstice Industries, Inc., No. 05-CV-74265, 2006 WL 2367388 (E.D. Mich. Aug. 14, 2006) (unpublished), and corresponding Judgment are hereby VACATED.

SO ORDERED.

Dated:  September 27, 2007

                                              s/George Caram Steeh  
                                              GEORGE CARAM STEEH  
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 27, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk